1  XAVIER BECERRA
   Attorney General of California
2  RANDY L. BARROW
   Supervising Deputy Attorney General
3  BENJAMIN M. GLICKMAN
   Supervising Deputy Attorney General
4  LINDA L. GANDARA, State Bar No. 194667
   Deputy Attorney General
5  ALI A. KARAOUNI, State Bar No. 260849
   Deputy Attorney General
6  JOHN W. KILLEEN, State Bar No. 258395
   Deputy Attorney General
    1300 I Street, Suite 125
7   P.O. Box 944255
8   Sacramento, CA 94244-2550
    Telephone: (916) 210-6045
9   Fax: (916) 324-8835
    E-mail: John.Killeen@doj.ca.gov
10 *Attorneys for Defendant California Attorney
   General Xavier Becerra*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DELACROIX CORP., LOUISIANA LANDOWNERS ASSOCIATION, INC., and LOUISIANA WILDLIFE AND FISHERIES COMMISSION,**<br><br>Plaintiffs,<br><br>v.<br><br>**XAVIER BECERRA, in his official capacity as Attorney General of California,**<br><br>Defendant. | Case No. 2:19-cv-02488-KJM-CKD<br><br>**STIPULATION AND ORDER REGARDING MOTION FOR TEMPORARY RESTRAINING ORDER AND MOTION FOR PRELIMINARY INJUNCTION**<br><br>Judge: Hon. Kimberly J. Mueller<br>Trial Date: None set<br>Action Filed: December 12, 2019 |

1

**STIPULATION**

Plaintiffs Delacroix Corp., Louisiana Landowners Association, Inc., Louisiana Wildlife and Fisheries Commission, and Defendant California Attorney General Xavier Becerra (collectively, Parties), agree to and request that the Court approve the terms of the following stipulation:

WHEREAS, Plaintiffs filed the Verified Complaint for Declaratory and Injunctive Relief. *See* ECF 1.

WHEREAS, Plaintiffs filed a Motion for Temporary Restraining Order and Preliminary Injunction. *See* ECF 2.

WHEREAS, the Court directed Defendant to file any opposition to the Motion for Temporary Restraining Order by "close of business on December 20, 2019."

ACCORDINGLY, IT IS HEREBY STIPULATED AND AGREED, by and between the Parties, that:

1. To preserve Court and party resources, Defendant agrees that this stipulation shall be construed to be a statement of non-opposition to the Motion for Temporary Restraining Order. The Parties agree that Defendant's non-opposition is not, and shall not be construed as, a waiver or concession regarding any issue or argument raised in this case.

2. The Parties further agree that, language in Plaintiffs' proposed orders related to the Temporary Restraining Order notwithstanding, the California Department of Fish and Wildlife may enforce the provisions of California Penal Code sections 653o(b)(1) and 653r pertaining to the importation for commercial purposes, possession with intent to sell, or sale of alligator and crocodile dead bodies, or parts or products thereof against activities that are not authorized or otherwise permitted under the Endangered Species Act or its regulations. For the avoidance of doubt and for purposes of this stipulation only, the parties agree that the importation for commercial purposes, possession with intent to sell, and sale of certain alligator and crocodile dead bodies, or parts or products thereof are at least conditionally authorized or permitted under the Endangered Species Act or its regulations.

3. The Parties further agree that this stipulation applies to all enforcement of the provisions of California Penal Code sections 653o(b)(1) and 653r pertaining to the importation for

commercial purposes, possession with intent to sell, or sale of alligator and crocodile dead bodies, or parts or products thereof undertaken by the Defendant while the Temporary Restraining Order is in effect. Should Defendant initiate any enforcement actions under this Stipulation while the Temporary Restraining Order is in effect, Defendant will promptly notify Plaintiff of such action and explain how such enforcement action is consistent with this Stipulation.

4. The Parties further agree that if there is a dispute among the Parties regarding whether any specific enforcement action is subject to the Temporary Restraining Order issued under this stipulation, the Court shall retain jurisdiction to decide the dispute, notwithstanding any claim of abstention or sovereign immunity. The Parties agree to confer in good faith about such dispute, and agree to facilitate the prompt determination of any such dispute, including by agreeing to resolution of such dispute on shortened notice.

5. The Parties further agree to, and request that the Court approve, the following briefing schedule for the Motion for Preliminary Injunction:

March 13, 2020: Opposition to Motion for Preliminary Injunction due;

April 10, 2020: Reply in Support of Motion for Preliminary Injunction due;

April 24, 2020, at 10:00 a.m.: Hearing on Motion for Preliminary Injunction

6. The Parties further agree that Defendant's obligation to answer or otherwise respond to the First Amended Complaint shall be stayed until 21 days after the Court's decision on Plaintiffs' Motion for Preliminary Injunction.

7. The Parties further agree that all discovery—including but not limited to the initial scheduling conference under Federal Rules of Civil Procedure, Rule 26(f)—shall be stayed until after the Court's decision on Plaintiffs' Motion for Preliminary Injunction.

8. The Parties further agree that any Temporary Restraining Order shall remain in force until 30 days after any entry of any full or partial denial of Plaintiffs' motions for a preliminary injunction or a final judgment adverse to Plaintiffs, whichever comes first.

9. This stipulation shall not be construed as a waiver or concession regarding any issue or argument. This stipulation and order is the product of mutual drafting and negotiation, such that any ambiguity shall not be construed against any party.

IT IS SO STIPULATED.

Dated:  December 20, 2019

CALIFORNIA DEPARTMENT OF JUSTICE

*/s/ John W. Killeen*
XAVIER BECERRA
Attorney General of California
RANDY L. BARROW
Supervising Deputy Attorney General
BENJAMIN M. GLICKMAN
Supervising Deputy Attorney General
LINDA L. GANDARA
Deputy Attorney General
ALI A. KARAOUNI
Deputy Attorney General
JOHN W. KILLEEN
Deputy Attorney General
*Attorneys for Defendant California Attorney General Xavier Becerra*

Dated: December 20, 2019

LOUISIANA DEPARTMENT OF JUSTICE

*/s/ Joseph S. St. John (signature used by permission granted 12/20/19)*
ELIZABETH B. MURRILL
Solicitor General of Louisiana
JOSEPH S. ST. JOHN
Deputy Solicitor General
SHAE G. MCPHEE
Assistant Solicitor General

CONSOVOY MCCARTHY PLLC
Jeffrey M. Harris
Bryan K. Weir
Jordan M. Call

*Attorneys for Plaintiff Louisiana Wildlife and Fisheries Commission*

Dated: December 20, 2019

DELACROIX CORP.

*/s/ Melinda Benge Brown (signature used by permission granted 12/20/19)*
MELINDA BENGE BROWN
*Attorneys for Plaintiff Delacroix Corp.*

Dated: December 20, 2019

CARVER DARDEN KORETZKY TESSIER FINN BLOSSMAN & AREAUX LLC

*/s/ M. Tayler Darden (signature used by permission granted 12/20/19)*
M. TAYLOR DARDEN
*Attorneys for Plaintiff Louisiana Landowners Association*

5

**ORDER**

Having reviewed the Parties' stipulation, and good cause appearing, it is ordered that:

1. Based on Defendant's non-opposition to Plaintiffs' Motion for Temporary Restraining Order, the Motion for Temporary Restraining Order is GRANTED. Defendant BECERRA, together with his successors, agents, employees, representatives, and other persons under his supervision, are ENJOINED from enforcing California Penal Code Sections 653o and 653r with respect to any dead body, or any part or product thereof, of any crocodile or alligator.

2. Notwithstanding paragraph 1, the California Department of Fish and Wildlife may enforce the provisions of California Penal Code sections 653o(b)(1) and 653r pertaining to the importation for commercial purposes, possession with intent to sell, or sale of alligator and crocodile dead bodies, or parts or products thereof, during the pendency of the case, against activities that are not authorized or otherwise permitted under the Endangered Species Act or its regulations.

3. This Order applies to all enforcement of the provisions of California Penal Code sections 653o(b)(1) and 653r pertaining to the importation for commercial purposes, possession with intent to sell, or sale of alligator and crocodile dead bodies, or parts or products thereof undertaken by the Defendant while the Temporary Restraining Order is in effect. Should Defendant initiate any enforcement actions under this Stipulation while the Temporary Restraining Order is in effect, Defendant shall promptly notify Plaintiff of such action and explain how such enforcement action is consistent with this Order.

4. If there is a dispute among the Parties regarding whether any specific enforcement action is subject to this Temporary Restraining Order, the Court shall retain jurisdiction to decide the dispute, notwithstanding any claim of abstention or sovereign immunity. The Parties shall confer in good faith about such dispute and shall facilitate the prompt determination of any such dispute, including by agreeing to resolution of such dispute on shortened notice.

5. This Temporary Restraining Order shall remain in force until 30 days after any entry of any full or partial denial of Plaintiffs' motions for a preliminary injunction or a final judgment adverse to Plaintiffs, whichever comes first.

6. The Motion for Preliminary Injunction is set for briefing and hearing according to the following schedule:

March 13, 2020: Opposition to Motion for Preliminary Injunction due;

April 10, 2020: Reply in Support of Motion for Preliminary Injunction due;

April 24, 2020, at 10:00 a.m.: Hearing on Motion for Preliminary Injunction

7. Defendant's obligation to answer or otherwise respond to the First Amended Complaint shall be stayed until 21 days after the Court's decision on Plaintiffs' Motion for Preliminary Injunction.

8. All discovery—including but not limited to the initial scheduling conference under Federal Rules of Civil Procedure, Rule 26(f)—shall be stayed until after the Court's decision on Plaintiffs' Motion for Preliminary Injunction.

9. Plaintiffs are not required to post a bond.

IT IS SO ORDERED.

DATED: December 22, 2019.

_____
UNITED STATES DISTRICT JUDGE